**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
J. Jason Hill, Esq. (SBN 179630)
jhill@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**DAVTYAN LAW FIRM, INC.**
Emil Davtyan (SBN 299363)
support@davtyanlaw.com
880 E. Broadway
Glendale, CA 91205
Telephone: (818) 875-2008/Facsimile: (818) 722-3974

Attorneys for Plaintiff NORA PEREA,
individually and behalf of all others similarly situated and aggrieved

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA PEREA, individually and behalf of all others similarly situated and aggrieved, | **Case No. 3:20-cv-00610-DMS-AHG** |
| Plaintiff, | **SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT** |
| v. | |
| FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; and DOES 1 through 10, Inclusive, | 1. Failure to Pay Reporting Time Wages (Labor Code § 218; IWC Wage Order 9-2001, § 5); |
| Defendants. | 2. Failure to Provide Accurate Itemized Wage Statements (Lab. Code §§ 226(a), 1198-1199 and IWC Wage Order 9-2001, § 7); |
| | 3. Failure to Timely Pay All Wages Due Upon Separation of Employment (Lab. Code §§ 201, 202, 203); |



4.   Violation of the Unfair Competition Law (Bus. & Prof. Code §§ 17200-17208);

5.   PAGA Civil Penalties for Failure to Pay Reporting Time Wages (Lab. Code §§ 218 and 2698, and the "Reporting Time Pay" Section of the applicable IWC Wage Order);

6.   PAGA Civil Penalties for Failure to Provide Accurate Itemized Wage Statements (Lab. Code §§ 226(a), 226.3, 1198, 1199, 2699, and the "Records" Section of the applicable IWC Wage Order);

7.   PAGA Civil Penalties for Failure to Timely Pay Wages Upon Termination of Employment (Lab. Code §§ 201, 202, 203, 256, 1198, and 2699);

8.   PAGA Civil Penalties for Violation of the Labor Code and IWC Wage Orders (Lab. Code §§ 558, 558.1, and 1197.1)

**DEMAND FOR JURY TRIAL**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff NORA PEREA ("Plaintiff"), individually and on behalf of all others similarly situated and aggrieved, complains and alleges as follows:

## I.

## __INTRODUCTION__

1.    Plaintiff brings this action as a Class Action pursuant to California Code of Civil Procedure section 382 and/or Federal Rule of Civil Procedure (F.R.C.P.) 23, individually and on behalf of other current and former non-exempt warehouse package sorter and handlers employed by FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation, and DOES 1 through 10, inclusive (collectively referred to as "Defendants"). Plaintiff brings this action for: unpaid compensation, including reporting time pay; statutory penalties for failure to provide accurate itemized wage statements; failure to pay all wages due upon termination of employment; and statutory and civil penalties, interest and attorneys' fees and costs. In addition, Plaintiff brings this action for unfair competition under Business and Professions Code sections 17200, *et seq*, for recovery of restitution for unpaid wages.

2.    Plaintiff also brings this lawsuit as a PAGA Representative Action on behalf of the state of California, and aggrieved current and former employees. Pursuant to Labor Code sections 2698, *et seq*., Plaintiff seeks to recover civil penalties, , and reasonable attorney's fees and costs. Plaintiff, by operation of law, has standing and capacity to sue as a representative of the State of California.

3.    Plaintiff mailed written notices of the specific provisions of the code that Defendants violated, including the facts and theories to support the alleged violations, to the LWDA and to Defendants on December 16 and 19, 2019. True and correct copies of the December 16 and 19, 2019 notices are attached as **Exhibits 1** and **2**, respectively, and incorporated by this reference. Defendants did not provide notice of cure and the LWDA did not provide notice of investigation in the 65 days after the December 16 and 19, 2019 mailing of the

PAGA notices.

4.    Pursuant to Cal Labor Code sections 2698, *et seq*., Plaintiff seeks to represent all current and former aggrieved employees of Defendants who suffered one or more of the alleged violations ("aggrieved employees") as described herein during the applicable limitations period for the time period covered by the PAGA. The applicable limitations period is referred herein as "the PAGA Period."

## II.

## JURISDICTION AND VENUE

5.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure, section 395. Defendants conduct business in San Diego County, California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged have a direct effect on Plaintiff and those similarly situated and aggrieved within the State of California and San Diego County. Defendants employ numerous Class Members in San Diego County. There is no federal question at issue for removal under 28 U.S.C. section 1331, as the issues are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, Code of Civil Procedure, Civil Code, and Business and Professions Code.

6.    Business and Professions Code, section 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions Code, section 17204 provides that any person, acting on his own behalf, may bring an action in a court of competent jurisdiction.

Pursuant to removal and finding of the Court, the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), applies giving the Federal District Court for the Southern District of California jurisdiction over this action.

///

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 2 -

**III.**

**THE PARTIES**

**A.    Plaintiff**

7.    Plaintiff NORA PEREA is a resident of the State of California who was formerly employed by Defendants in San Diego County as a non-exempt warehouse package sorter and handler. She was employed until approximately October or November 2019. Plaintiff worked at warehouse terminals located in Miramar and Otay Mesa in San Diego, California.

8.    During the proposed Class Period, Plaintiff was deemed a part-time employee for shifts of between 3.5 to 4.0 hours and scheduled to work 5 days per week. There would be 2 or 3 occasions per week that Plaintiff, and other similarly-situated and aggrieved employees, would report to work, go through security, clock into work, and work about 45 minutes, only to be sent home without receiving a reporting time work shift premium at the requisite rate as required by California law. Similarly, on many occasions, Plaintiff and others similarly situated would physically arrive at Defendant's work premises, but be told by management  and supervisors there was insufficient work and to go home before clocking in to Defendant's payroll system, and also *were not paid* at least one-half of the hours expected for their scheduled shift in violation of applicable Industrial Welfare Commission (IWC) minimum labor standards to provide such "reporting time pay" to negatively impacted and aggrieved employees, who gave up other opportunities to ready themselves and arrive willing and able to work their scheduled work shifts.

**B.    Defendants**

9.    Defendant FEDEX GROUND PACKAGE SYSTEM, INC. is a Delaware corporation engaged in business throughout California and in San Diego County. During the Class Period, Defendant employed Plaintiff and others as non-exempt warehouse package sorters and handlers within California and San Diego

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 3 -

County.

10.    Plaintiff is informed, believes, and alleges each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all pertinent respects, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## GENERAL ALLEGATIONS

11.    During all, or portions, of the Class Period, Plaintiff and each member of the Plaintiff Class were employed by Defendants in the State of California.  The "Class Period" or "Relevant Time Period" is defined as four years prior to the date of the commencement of this action until the commencement of trial, or such earlier date as ordered by the Court.

12.    At all relevant times, Defendants had a consistent policy and practice of failing to pay Plaintiff and similarly-situated and aggrieved employees all wages due, including reporting time pay for shifts where Plaintiff and proposed Class Members were directed to leave the premises for lack of work.

13.    Defendants did not pay the reporting time wages required and therefore failed to pay all wages under the employment contract, including Defendants' failure to comply with all legal obligations to pay owed wages in the time periods required by the Labor Code for each pay period where a shift was not provided and reporting time pay was withheld.

14.    At all relevant times, Defendants knowingly and willfully failed to provide accurate wage statements to non-exempt employees, including Plaintiff, which did not include, among other things, the accurate total hours and reporting time wages, and all applicable rates of pay.

15.    At all relevant times, Defendants had a consistent policy and practice of failing to timely compensate non-exempt employees, including Plaintiff, for all wages owed upon separation of employment, including reporting time wages, in

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 4 -

violation of California state wage and hour laws.

16.    Plaintiff, on behalf of herself and all similarly-situated employees and aggrieved employees in the State of California, brings this action pursuant to Labor Code sections 201, 202, 203, 218, 226(a), 226(h), 1194, 1194.2, 1197, 1197.1, and 2698, *et seq.*, seeking unpaid wages, statutory and civil penalties, equitable relief, and reasonable attorneys' fees and costs.

17.    Plaintiff, on behalf of herself and all similarly-situated employees in the State of California, brings this action pursuant to Business and Professions Code sections 17200-17208, seeking restitution and disgorgement of all benefits obtained by Defendants by failing to pay all wages owed.

## V.

## CLASS ACTION ALLEGATIONS

18.    Plaintiff brings this action on behalf of herself and all similarly-situated current and former employees of Defendants as a Class Action pursuant to Code of Civil Procedure section 382 and/or F.R.C.P. Rule 23(b)(3). The Class and Subclasses Plaintiff seeks to represent are defined as:

### Plaintiff Class

All non-exempt warehouse package sorters and handlers employed by Defendants in the State of California at any time since the four years preceding commencement of this action.

19.    Plaintiff seeks to certify a Subclass of employees defined as:

### Reporting Time Subclass A:

All members of the Plaintiff Class who physically arrived at Defendant's work facilities for a scheduled work shift, clocked-in to Defendant's time-keeping/payroll system, but were dismissed from work without payment of at least one-half of their scheduled work shift as "reporting time wages."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 5 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**Reporting Time Subclass B:**

All members of the Plaintiff Class who physically arrived at Defendant's work facilities for a scheduled work shift, did not "clock-in" Defendant's time-keeping/payroll system, but were dismissed from work without payment of at least one-half of their scheduled work shift as "reporting time wages."

20.    Plaintiff seeks to certify a Subclass of employees defined as:

**Wage Statement Subclass**

All members of the proposed Plaintiff Class who, within one year of the filing of the Complaint, received one or more itemized wage statements that did not include all wages due for reporting time pay, and/or the applicable rates of pay for time worked.

21.    Plaintiff seeks to certify a Subclass of employees defined as:

**Waiting Time Penalty Subclass**

All members of the Plaintiff Class whose employment ended at any time during the three years preceding the filing of this Complaint but who did not receive all wages due based on Defendants' failure to pay reporting time wages as required under California law.

22.    Plaintiff seeks to certify a Subclass of employees defined as:

**UCL Subclass**

All members of the Plaintiff Class who were subject to Defendants' pay practices relating to failure to pay reporting time wages and who are owed restitution based on a finding by the Court that Defendants' acts and/or practices were unlawful, unfair, and/or deceptive.

23.    Plaintiff reserves the right under Rule 3.765(b), California Rules of Court and/or as permitted by F.R.C.P. Rule 23, to amend or modify the Plaintiff Class and Subclass descriptions with greater specificity or to provide further

- 6 -

1  division into subclasses or limitation to particular issues.

2      24.    This action has been brought and may be maintained as a class action

3  pursuant to Code of Civil Procedure section 382 and F.R.C.P. Rule 23(a) because

4  there is a well-defined common interest of many persons and it is impractical to

5  bring them all before this Court.

6      25.    **Ascertainable Class**: The proposed Plaintiff Class and Subclasses

7  are ascertainable because they can be identified and located using Defendants'

8  payroll and personnel records.

9      26.    **Numerosity**: The potential members of the Plaintiff Class and

10  Subclasses, defined above, are so numerous that joinder of all members would be

11  unfeasible and impractical. The disposition of their claims through this class

12  action will benefit both the parties and this Court. The number of members of the

13  Plaintiff Class and Subclasses is unknown to Plaintiff, but is estimated to be in

14  excess of 1,000 individuals. The number and identity of members can be readily

15  ascertained using Defendants' employment and electronic time-keeping and

16  payroll records.

17      27.    **Typicality**: The claims of Plaintiff are typical of the claims of all

18  members of the Plaintiff Class and Subclasses because all members of the Plaintiff

19  Class and Subclasses sustained similar injuries and damages arising out of

20  Defendants' common course of conduct in violation of law and the injuries and

21  damages of all members of the Plaintiff Class and Subclasses were caused by

22  Defendants' wrongful conduct in violation of law, as alleged.

23      28.    **Adequacy**: Plaintiff will adequately and fairly protect the interests of

24  the members of the Plaintiff Class. Plaintiff has no interest adverse to the interests

25  of absent Plaintiff Class Members. Plaintiff is represented by attorneys with

26  substantial wage-and-hour and class action law experience.

27      29.    **Superiority**:  A class action is superior to other available means for

28  fair and efficient adjudication of the claims of the Plaintiff Class and would be

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 7 -

beneficial for the parties and the Court. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense numerous individual actions would require. The damages suffered by each Plaintiff Class Member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for individual Plaintiff Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of sums owed to them. Class litigation also prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

30.    **Manageability:** Plaintiff can seek and offer evidence of class-wide claims through corporate representative testimony, and forensic analysis of employee payroll, timeclock entries, and other summation of electronic records through an accounting or through statistical analysis of a sufficient random sample of personnel time and payroll records.

31.    **Common Questions of Law and Fact Predominate**:  The predominating common questions of law and fact include, without limitation:

a.    Whether Defendants compensated members of the Plaintiff Class for all hours worked, including reporting time, and whether Defendants' failure to pay reporting time wages to hourly package sorters and handlers was a systematic and uniform business practice;

b.    Whether Defendants maintained accurate records for members of the Plaintiff Class pursuant to Labor Code section 1174(d) and section 7 of the applicable IWC Wage order;

c.    Whether Defendants provided members of the Plaintiff Class with accurate itemized wage statements pursuant to Labor Code section 226;

- 8 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

d.    Whether Defendants timely paid wages due upon separation of employment pursuant to Labor Code sections 201-203;

e.    Whether Defendants violated sections 17200, *et seq.* of the Business and Professions Code; Labor Code sections 226 and 1194; IWC Wage Order 9-2001, and other applicable IWC Wage Orders which constitutes a violation of fundamental public policy;

h.    Whether members of the Plaintiff Class and Subclasses are entitled to equitable relief pursuant to Business and Professions Code, sections 17200, *et seq.*

## VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Reporting Time Wages**
**[Labor Code § 218; IWC Wage Order 9-2001, § 5]**
**(By Plaintiff and the Reporting Time Subclass Against Each Defendant)**

32.    Plaintiff incorporates all preceding paragraphs of this Complaint.

33.    Wage Order 9(5)(A) provides as follows:

> Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half of said employer's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employees' regular rate of pay, which shall not be less than the minimum wage.

34.    Plaintiff and other similarly-situated employees were scheduled for work shifts and required to physically report to work. If the workload did not support their presence, Plaintiff and other similarly-situated employees were sent home did not receive at least two hours pay at their regular rate of pay, or half of the usually-scheduled shift in pay at their regular rate. Although Defendants required Plaintiff and other similarly-situated employees to report to work, Defendants failed to pay any wages for this reporting time. By physically showing

- 9 -

up to scheduled work shifts at Defendants' work premises Plaintiff and other similarly-situated employees were prevented from engaging in other productive without receiving any compensation from Defendants. Supervisors and managers would direct employees to go home without reporting time pay whether just before or just after the employee clocked-in to Defendant's time-keeping and payroll system.

35.    By their failure to pay hourly wages for reporting time, Defendants willfully violated provisions of Labor Code section 218, and section 5 of IWC Wage Order 9-2001.

36.    Defendants' unlawful acts deprived Plaintiff and members of the Plaintiff Class and the Reporting Time Subclass she seeks to represent of hourly wages in amounts to be determined at trial, and they are entitled to recover such amounts, plus interest, attorneys' fees, and costs.

37.    Plaintiff, individually and on behalf of members of the Reporting Time Subclass, requests relief as described below, in an amount according to proof.

## SECOND CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### [Labor Code § 226 and § 7 of IWC Wage Order 9-2001]
### (By Plaintiff and the Wage Statement Subclass Against Each Defendant)

38.    Plaintiff incorporates all preceding paragraphs of this Complaint.

39.    Labor Code section 226(a) states in pertinent part:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing": (1) gross wages earned; (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Industrial Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

40.    IWC Wage Order 9-2001, section 7(A) states in relevant part that the employer shall keep accurate information regarding, "(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee; (5) Total hours worked in the payroll period and applicable rates of pay."

41.    Through Defendants' alleged conduct during the applicable statutory period including, but not limited to, on information and belief, Defendants failed to provide accurate wage statements including, but not limited to, all wages due for reporting time pay and the applicable rates of pay for time worked.

42.    As a consequence of Defendants' knowing and willful failure to comply with Labor Code section 226(a), Plaintiff and other similarly-situated employees are entitled to actual damages or penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b), together with interest and attorneys' fees and costs.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

43.    Labor Code section 226(e) states: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees." Labor Code section 226(e)(2)(B) states: "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of gross wages or net wages paid to the employee during the pay period or any other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a)…" Because Plaintiff's wage statements did not include, among other things, an accurate accounting of gross wages earned or the accurate total hours worked, she is deemed to have suffered injury.

44.    Labor Code section 226(h) states: "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

45.    As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Wage Statement Subclass have suffered, and continue to suffer, injury including substantial losses related to the use and enjoyment of such wages, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 12 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

46.     Plaintiff seeks to recover in a civil action all remedies including damages, unpaid wages, penalties, attorney's fees and costs, and injunctive relief to the fullest extent permissible including those permitted pursuant to Labor Code sections 226(e) and (h), 226.3, and Code of Civil Procedure section 1021.5.

47.     Plaintiff, individually and on behalf of members of the Wage Statement Subclass, requests relief as described below, in an amount according to proof.

### THIRD CAUSE OF ACTION
**Failure to Timely Pay Wages Due Upon Separation of Employment
[Labor Code §§ 201, 202, 203]
(By Plaintiff and the Waiting Time Penalty Subclass Against each Defendant)**

48.     Plaintiff incorporates all preceding paragraphs of this Complaint.

49.     Labor Code section 201(a) states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

50.     Labor Code section 202(a) states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

51.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants willfully failed to provide Plaintiff and

- 13 -

members of the Waiting Time Penalty Subclass with all wages due and owing, including reporting time wages, by the time specified by Labor Code sections 201(a) and 202(a), as applicable.

52.    Labor Code section 203(a) states, in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

53.    As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Waiting Time Penalty Subclass have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

54.    Plaintiff seeks to recover in a civil action all remedies to the fullest extent permissible including those permitted pursuant to Labor Code section 203 and Code of Civil Procedure 1021.5.

55.    Plaintiff, individually and on behalf of members of the Waiting Time Penalty Subclass, requests relief as described below, in an amount according to proof.

## FOURTH CAUSE OF ACTION
### Violation of The Unfair Competition Law
### [Business and Professions Code §§ 17200, *et seq*.]
### (By Plaintiff and the UCL Subclass Against Each Defendant)

56.    Plaintiff incorporates all preceding paragraphs of this Complaint.

57.    Business & Professions Code section 17200 states: "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 14 -

fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code."

58.    Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants have engaged in unlawful, unfair, or fraudulent business practices in California by practicing, employing, and utilizing the employment practices outlined in the preceding paragraphs, all in violation of California law and the Industrial Welfare Commission Wage Orders. Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors doing business in the State of California that comply with their obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

59.    Defendants' violations of the Labor Code and the Industrial Welfare Commission Wage Orders, and their scheme to lower payroll costs as alleged herein, constitute unlawful business practices because these actions were done in a systematic manner over a period of time to the detriment of Plaintiff and members of the Plaintiff Class. The acts complained of herein occurred within the last four (4) years preceding the filing of this complaint and include, but are not limited to, failure to (i) pay reporting time wages; (ii) maintain accurate records; (iii) provide and maintain accurate itemized wage statements; (iv) and (v) pay timely wages upon separation of employment. To the extent the recovery constitutes wages, Plaintiff seeks restitution individually and on behalf of the UCL Subclass, in an amount according to proof.

60.    Defendants' failure to pay Plaintiff and members of the Plaintiff Class and Subclasses for all reporting time, as required by the applicable Wage Orders and the Labor Code, as alleged, constitutes unlawful activity prohibited by

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Business and Professions Code sections 17200, *et seq*.

61.    The actions of Defendants in failing to pay Plaintiff and members of the Plaintiff Class in a lawful manner constitute false, unfair, fraudulent, and deceptive business practices, within the meaning of Business and Professions Code sections 17200, *et seq*.

62.    Plaintiff is entitled to equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause of action individually and on behalf of all other members of the Plaintiff Class and UCL Subclass subject to Defendants' unlawful acts and practices.

63.    This cause of action is brought as a cumulative remedy and is intended as an alternative remedy for restitution for Plaintiff, and each member of the Plaintiff Class and UCL Subclass, for the four (4) year period before the filing of this Complaint, and as the primary remedy during the fourth year before the filing of this Complaint. Business and Professions Code section 17205.

64.    As a result of Defendants' unlawful and unfair business practice of failing to pay earned wages, each member of the Plaintiff Class and UCL Subclass has suffered damages and is entitled to restitution in an amount according to proof.

65.    The illegal conduct alleged is continuing and there is no indication that Defendants will discontinue such activity in the future.

66.    As a direct and proximate result of Defendants' conduct, Defendants have received and will continue to receive monies that rightfully belong to members of the general public who have been adversely affected by Defendants' conduct, as well as to Plaintiff by virtue of unpaid wages and other monies. Plaintiff is entitled to and seeks any and all available remedies including restitution and recovery of reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, Business and Professions Code sections 17200,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 16 -

*et seq.*, the substantial benefit doctrine, and/or the common fund doctrine.

67.    Plaintiff, individually and on behalf of the UCL Subclass, requests relief as described below as restitution, in an amount according to proof.

### FIFTH CAUSE OF ACTION
**PAGA Civil Penalties for Failure to Pay Reporting Time Wages**
**[Labor Code §§ 558, 1194, 1198, 1199(c), and 2698 and the "Reporting Time Pay" Section of the applicable IWC Wage]**
**(By Plaintiff and Each Aggrieved Employee Against Each Defendant)**

68.    Plaintiff incorporates all preceding paragraphs of this Complaint.

69.    Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

70.    Labor Code section 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows… (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

71.    Defendants' conduct violates Labor Code sections 218, 558, 1194, 1198, and 1199(c) as well as the "Reporting Time Pay" section of the applicable wage order.

72.    Pursuant to the "Reporting Time Pay" Section of the applicable Wage Order, "[e]ach workday an employee is required to report to work and does

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 17 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

73.    As a result, Defendants violated the Labor Code and are liable to Plaintiff, and other aggrieved employees, for penalties as required by Labor Code sections 558(a)(1)-(2), 1197.1, and 2699(a) and (f)(2), as well as attorney's fees and costs all recoverable in an amount according to proof.

74.    Plaintiff, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

<u>**SIXTH CAUSE OF ACTION**</u>
**PAGA Civil Penalties for Failure to Provide Accurate Itemized Wage Statements**
**[Labor Code §§ 226(a), 226.3, 1198, 1199, 2699, and the "Records" Section of the applicable IWC Wage Order]**
**(By Plaintiff and Each Aggrieved Employee Against Each Defendant)**

75.    Plaintiff incorporates all preceding paragraphs of this Complaint.

76.    Labor Code section 226(a) states in pertinent part:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned; (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

- 18 -

Commission; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer. . .; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…  and if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

77.   Furthermore, Labor Code section 226(e)(2)(A) states: "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement."

78.   Labor Code section 226.3 provides for civil penalties for violations of the Labor Code section 226. The civil penalty is $250 for the initial violation and $1,000 for each subsequent violation.

79.   Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

80.   As alleged herein, Defendants failed to provide all adequate wage statements because they failed to list an accurate accounting of gross wages earned or the accurate total hours worked.

81.   Defendants' conduct violated Labor Code section 226.

82.   As a result, Defendants willfully violated the Labor Code and are liable to Plaintiff, and other aggrieved employees, for civil penalties as required

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 19 -

by Labor Code sections 226.3 and 2699(a) or in the alternative, section 2699(f)(2), as well as attorney's fees and costs, all recoverable in an amount according to proof.

83. Plaintiff, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

## SEVENTH CAUSE OF ACTION
### PAGA Civil Penalties for Failure to Timely Pay Wages Upon Termination of Employment
### [Labor Code §§ 201, 202, 203, 256, 1198, and 2699]
### (By Plaintiff and Each Aggrieved Employee Against Each Defendant)

84. Plaintiff incorporates all preceding paragraphs of this Complaint.

85. Labor Code section 201 states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

86. Labor Code section 203(a) states, in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to his or her, or who refuses to receive the payment when fully tendered to his or her, including any

- 20 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

87.    Labor Code section 210(a) provides: "(a) In addition to, *and entirely independent and apart from, any other penalty provided in this article*, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." [Emphasis added.]

88.    Labor Code section 256 states: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days pay as waiting time under the terms of Section 203."

89.    Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

90.    As set forth herein, Defendants failed to pay all wages and penalties owed to Plaintiff and other aggrieved employees within the timeline required by California Labor Code sections 201-203. Defendants further failed to pay all waiting time penalties as required by Labor Code section 203.

91.    As a result, Defendants willfully violated the Labor Code and are liable to Plaintiff, and other aggrieved employees, for penalties as required by Labor Code sections 210, 256, and 2699(a), or in the alternative, section 2699(f)(2), and recoverable in an amount according to proof.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

92.    Plaintiff, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

## EIGHTH CAUSE OF ACTION
### PAGA Civil Penalties for Violation of The Labor Code and IWC Wage Orders
### [Labor Code §§ 558, 558.1, and 1197.1]
### (By Plaintiff and Each Aggrieved Employee Against Each Defendant)

93.    Plaintiff incorporates all preceding paragraphs of this Complaint.

94.    Labor Code section 558 subjects any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order to a civil penalty in the amount of $50 for any initial violation for each pay period in which an employee is underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

95.    Labor Code section 558.1(a) states: "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."

96.    Labor Code section 1197.1 states that any employer or other person acting either individually or as an officer, agent or employee of another person, which pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty and

- 22 -

restitution of wages payable to the employee in an amount of $100 for the initial violation for each pay period in which an employee underpaid in addition to an amount sufficient to recover underpaid wages, and $250 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

97.    Labor Code section 1174(d) requires each employee to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments."

98.    The "Records" section of the applicable IWC wage order requires each employer to maintain "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."

99.    California Labor Code section 1174.5 imposes a $500 civil penalty for any failure to maintain records required by Section 1174(d).

100.    Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

101.    As set forth above, Defendants violated the IWC Wage Order regulating reporting time pay and Labor Code sections 218, 1197, and 1198, and caused the aggrieved employees to be paid less than the minimum set by the IWC Wage Order. As a result, Defendants are liable for civil penalties under Labor Code sections 558, 558.1, and 1197.1.

102.    As set forth above, FedEx Ground Package System, Inc. was the employer, or other person acting on behalf the employer, and violated, or caused

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

to be violated the IWC Wage Order regulating reporting time pay, Labor Code sections 218, 203, 226, 1194, 1197, and 1198, and caused the aggrieved employees to be paid less than the minimum set by the IWC Wage Order. As a result, FedEx Ground Package System, Inc. is liable for civil penalties under Labor Code sections 558, 558.1, and 1197.1.

103.    Defendants failed to maintain all records as required by law, including but not limited to the gross wages earned or the accurate total hours worked.

104.    As a result, Defendants willfully violated the Labor Code and are liable to Plaintiff, and other aggrieved employees, for penalties as required by Labor Code sections 1174.5 and 2699(a), or in the alternative, section 2699(f)(2), and recoverable in an amount according to proof.

105.    Plaintiff, as a representative of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

## VII.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

1.    That the Court determine this action may be maintained as a class action and Plaintiff as Class Representatives and Plaintiff's counsel as Class Counsel;

2.    For declaratory relief as provided by the Labor Code to the extent permitted by law including, but not limited to, pursuant to Section 226(h), and Business and Professions Code sections 17200, *et seq.*;

3.    For restitution as provided by Business and Professions Code sections 17200, *et seq.*;

- 24 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

4.      For an order requiring Defendants to pay restitution to each affected person acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code sections 17200, *et seq*.;

5.      For an award of unpaid wages, including reporting time wages, to the extent permissible by law to each affected person;

6.      For statutory penalties to the extent permitted pursuant to the Labor Code, and Orders of the Industrial Welfare Commission including, but not limited to, waiting time penalties under Labor Code section 203, and penalties under Labor Code section 226(e);

7.      For an award of statutory penalties incurred under sections pursuant to Labor Code sections 226(e) and 1174.5;

8.      For an award of liquidated damages to the extent permissible by Labor Code section 1194.2;

9.      For statutory penalties incurred under Labor Code section 1197.1 for each underpaid employee per pay period for which the employee was underpaid;

10.     For maintenance of this claim as a Representative Action under the PAGA, and providing Plaintiff and her counsel with all enforcement capability as if this action has been instituted by the Department of Labor Standards enforcement ("DLSE");

11.     For recovery of civil penalties as permitted by Labor Code sections 2699.3, 1197.1, and 558(a)(1)-(2) for each pay period during the applicable limitations period in an amount according to proof, subject to Court approval and distributed to the California LWDA and to "aggrieved employees" in the manner required by Labor Code section 2699(i);

12.     For recovery of civil penalties as permitted by Labor Code section 226.3 for each pay period during the applicable limitations period for failing to provide accurate itemized wage statements, in an amount according to proof,

- 25 -

subject to Court approval and distributed to the California LWDA and to "aggrieved employees" in the manner required by Labor Code section 2699(i);

13.   For recovery of civil penalties as permitted by Labor Code section 256 for each pay period during the applicable limitations period for failing to provide wages timely to terminated employees upon separation of employment in an amount according to proof, subject to Court approval and distributed to the California LWDA and to "aggrieved employees" in the manner required by Labor Code section 2699(i);

14.   For recovery of civil penalties as permitted by Labor Code section 1174 and 1174.5 for failing to maintain records, in an amount according to proof, subject to Court approval and distributed to the California LWDA and to "aggrieved employees" in the manner required by Labor Code section 2699(i);

15.   For recovery of civil penalties pursuant to Labor Code section 2699(f)(2), to the extent that 2699(a) does not apply and/or where a statutory civil penalty is not provided, including but not limited to failing to comply with Labor Code sections 201-203, 226, 1174, and 1198, in an amount according to proof, subject to Court approval and distributed to the California LWDA and to "aggrieved employees" in the manner required by Labor Code section 2699(i).

16.   For pre- and post-judgment interest at the California legal rate per annum to the extent permitted by law including, but not limited to, Labor Code sections 218.6 and 1194;

17.   For reasonable attorneys' fees and cost of suit and, to the extent permitted by law, including pursuant to Labor Code sections 218.5, 226(e), 226(h), 1194, 2699(g), and/or Code of Civil Procedure section 1021.5 for conferring a public benefit in the enforcement of an important state interest;

18.   Determine the appropriate remedy to compensate Plaintiff, Plaintiff Class, and Subclass Members, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, and fluid

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 26 -

recovery or common fund, if appropriate;

19.    For pre-judgment interest at the California legal rate per annum, to the extent applicable to known and quantifiable unpaid wages to the extent permitted by California law; and

20.    Any other relief as this Court deems equitable, proper and just.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of all claims triable as of right by jury.

**COHELAN KHOURY & SINGER**
**DAVTYAN LAW FIRM, INC.**

Dated: August 7, 2020          By: s/ J. Jason Hill_____
                                              Michael D. Singer, Esq.
                                              J. Jason Hill, Esq.
                                    Attorneys for Plaintiff NORA PEREA,
                                    individually and on behalf of all others similarly situated and aggrieved

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

# EXHIBIT 1

# COHELAN KHOURY & SINGER

A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC •

(*Also admitted in the District of Columbia)
(•Also admitted in Colorado)

ATTORNEYS AT LAW

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
www.ckslaw.com

JEFF GERACI
J. JASON HILL†
MARTA MANUS
KRISTINA DE LA ROSA

(† Also admitted in Illinois)

December 16, 2019

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
## LABOR CODE SECTION 2699.3

### NOTICE VIA ONLINE SUBMISSION

California Labor and Workforce Development Agency

### VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT

FedEx Ground Package System, Inc.
Attn: Legal Department
1000 FedEx Drive
Moon Township, PA 15108

FedEx Ground Package System, Inc.
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Re:   **Notice pursuant to California Labor Code sections 2698, *et seq.*, the Private Attorneys General Act ("PAGA"), sent by NORA PEREA and all other aggrieved employees of FedEx Ground Package System, Inc. ("FXG") in the State of California, as an individual and as a proposed Representative of the State of California**

Dear PAGA Administrator and FedEx Ground Package System, Inc.:

Pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code sections 2698, *et seq.*, Nora Perea ("Claimant") intends to bring an action against FedEx Ground Package System, Inc. ("Employer" or "FXG"), individually and on behalf of all other aggrieved employees for alleged violations of Labor Code sections 201, 202, 203, 204, 218, 223, 226, 233, 256, 558, 1197.1, 1194 and 1198. This letter serves as Claimant's written notice pursuant to Labor Code section 2699.3(a)(A)(1) providing the Labor and Workforce Development Agency (hereafter "LWDA") the opportunity to investigate the alleged claims contained herein.

If the LWDA does not intend to investigate the alleged violations, Claimant intends to file a representative civil action for PAGA penalties individually and as a representative on behalf of all other aggrieved employees of FXG, and shall seek penalties under the PAGA individually and on behalf of all other aggrieved employees in the State of California. A copy of this notice is being sent to FXG by certified mail at the addresses above.

### FACTUAL STATEMENT

NORA PEREA is a resident of the State of California who was formerly employed by FXG in San Diego County as a non-exempt, hourly-paid warehouse package sorter and handler.

California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 16, 2019
Page 2

She was employed until approximately February 27, 2019 with her last pay provided on or about March 1, 2019, when FXG terminated her employment. Her employee ID was 2171444. Perea worked at the employer's warehouse terminals located in Miramar and Otay Mesa in San Diego, California. Claimant alleges that during her employment, FXG failed to comply with the California Labor Code and section 5 of the applicable IWC Wage Order 9-2001, as detailed below, which resulted in liability for civil penalties under applicable regulations and provisions of the California Labor Code. While the California Secretary of State lists the employing entity's address as "1000 FedEx Drive, Moon Township, PA 15108," Claimant and other aggrieved employees were provided wage statements showing an inaccurate address for the employer of "30 FedEx Pkway, 2nd Fl Horiz, Collierville, TN 38017."

During the proposed PAGA period (one year prior to the date of this Notice), Claimant was designated as a part-time hourly non-exempt employee for shifts of about 3.5 to 4.0 hours and scheduled to work 5 days per week as a package sorter and handler. Despite showing up for scheduled shifts, reporting, going through security, and then clocking into work, Claimant estimates that roughly 2-3 days per week she and others would be sent home without receiving reporting time wages of at least one-half their scheduled shift time but no less than two hours and no more than four hours, as otherwise required by applicable IWC Wage Order(s). She and other co-workers would see other trucks arriving at the terminal as they were leaving but they were only paid their clocked time (if they were allowed to clock in) and not wages for at least 2 hours of the expected work shift at the requisite rate of pay as required by California law. Claimant is informed and believes that FXG's failure to timely honor and pay "reporting time" wages was systematic and uniform throughout the state of California, and resulted in considerable harm when sent home since Claimant and similar aggrieved employees had relied upon FXG's scheduled shifts and had to forego other work opportunities. Thus, Claimant and other aggrieved employees were not only were not paid required wages for reporting to work, but the working conditions left them without options to engage in other compensable work when FXG sent them home at the start of a scheduled shift, thus undermining both the payment of wages and undermining standard working conditions required by the Industrial Welfare Commission ("IWC") regulations.

For reasons set forth herein, Claimant alleges the following violations of the California Labor Code and the applicable IWC Wage Order individually and on behalf of all other aggrieved employees of FXG in the State of California. Claimant alleges that the Employer:

1.    Failed to pay Claimant and other aggrieved employees all wages due, including reporting time pay;
2.    Failed to provide accurate itemized wage statements; and
3.    Failed to timely pay all wages upon separation of employment.

Accordingly, Claimant now seeks civil penalties individually and on behalf of other aggrieved employees based on FXG's alleged violations of the California Labor Code and applicable IWC Wage Order, including civil penalties pursuant to Labor Code section 558(a), *excluding underpaid wages per ZB, N.A. v. Superior Court* (2019) 8 Cal. 5th 175, 252 Cal. Rptr. 3d 228, 448 P.3d 239.

California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 16, 2019
Page 3

## FAILURE TO PAY REPORTING TIME PAY

(Violation of Labor Code §§ 558, 1194, 1198, 2698 and the "Reporting Time Pay" Section of the applicable IWC Wage)

Section 5(A) of the applicable IWC Wage Order states, "Each workday an employee is required to report to work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

Labor Code section 1173 provides in pertinent part: "It is the continuing duty of the Industrial Welfare Commission, hereinafter referred to in this chapter as the commission, to ascertain the wages paid to all employees in this state, to ascertain the hours and conditions of labor and employment in the various occupations, trades, and industries in which employees are employed in this state, and to investigate the health, safety, and welfare of those employees...."

Labor Code section 1198 provides: "The maximum hours of work and the standard *conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.* The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." [emphasis added.]

Labor Code section 204(a) provide: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time."

Labor Code section 218 provides in pertinent part: "Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article.

Claimant alleges that FXG regularly scheduled its non-exempt employees for loading and unloading vehicles at FedEx terminals and required employees such as Claimant to report each day for work, to only then be told there was insufficient work and they were being sent home. If they were clocked in, Claimant and other aggrieved employees would be told to clock out and

California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 16, 2019
Page 4

leave, despite having arrived at the workplace ready, willing, and able to work as scheduled. Claimant and other aggrieved employees were subject to discipline if they failed to report for a shift, but were not provided "reporting time" wages as required by Section 5 of the IWC Wage Order. Claimant alleges that this policy resulted in not just a direct violation of the applicable Wage Order, but is also in violation of various provisions of the California Labor Code because Claimant and other such aggrieved employees were not paid reporting time wages. These scheduled but otherwise canceled shifts burdened employees by limiting their ability to engage in other activities but also resulted in the failure to receive minimum compensation as required by the IWC. Employees such as Claimant were often not paid any wages, including regular and/or minimum wages, for reporting to a shift, and were never paid the requisite minimum reporting time pay premium when a shift was canceled as required under California law. Claimant intends to pursue remedies pursuant to the PAGA for the alleged violation on behalf of herself and all other aggrieved employees in the state of California.

The California Legislature expressly delegated to the Industrial Welfare Commission the authority to promulgate wage orders setting minimum wages, and standard working conditions for all employees. *Ramirez v. Yosemite Water Co.* (1999) 20 Cal.4th 785, 799-800. Here, the IWC promulgated the requirement for reporting time pay under Section 5 of the applicable Wage Order (Wage Order 9 for transportation industry, i.e., FedEx). This is a requirement for working conditions and payment of wages for at least two hours when a worker arrives for a scheduled shift and then is sent home due to insufficient work volume.

Thus, not only does FXG's policy and practice violate the Wage Order on reporting time pay (and thus subject the FXG to civil penalties pursuant to Labor Code 558(a)), but it violates Labor Code sections 203, 204(a), 218, 226, and 1198 where default civil penalties may be pursued under the PAGA. Labor Code § 2699(f)(2). Labor Code sections 203, 204, 226, and 1198 are all statutes that are specifically listed in Labor Code section 2699.5 as a basis for a representative to claim civil penalties.

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(Labor Code §§ 226(a), 226.3, 1198, 2699, and the "Records" Section of the applicable IWC Wage Order)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or him social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer…; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of

California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 16, 2019
Page 5

hours worked at each hourly rate by the employee.

Furthermore, Labor Code section 226(e)(2)(A) states: "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement."

Labor Code section 226.3 imposes an additional civil penalty on the employers of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000.00 per employee for each violation in a subsequent citation.

In addition, Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Claimant and other aggrieved employee are entitled to an award of costs and reasonable attorney's fees.

Here, FXG failed to provide Claimant and other aggrieved employees with accurate itemized wage statements complying with the requirements of the Labor Code and applicable IWC Wage Order. Claimant and other aggrieved employees did not receive wage statements which included all wages due for reporting time pay, and all deductions and all rates paid. Further, as stated above, wage statements did not present accurate information as to the employer's address, in that FXG is authorized to do business in California based on an address listed by the California Secretary of State as "1000 FedEx Drive, Moon Township, PA 15108" but wage statements provided to Claimant and other employees *included an inaccurate business address* located at "30 FedEx Pkwy, 2n Fl Horiz, Collierville, TN 38017." This is presumed injury and confuses the employees as to the true nature, address, and location of their employing entity in violation of Labor Code section 226(a)(8). Claimant will pursue all remedies, including recovery of wages, interest, attorneys' fees and costs, penalties and those provided by the PAGA, to the extent allowed by law, individually and on behalf of other aggrieved employees of FXG in the State of California.

## FAILURE TO TIMELY PAY WAGES DUE DURING AND UPON TERMINATION OF EMPLOYMENT
### (Labor Code §§ 201, 202, 203, 204, 256, 1198, and 2699)

Labor Code section 204(a) states, in pertinent part: "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." The "Minimum Wages" Section of the applicable Wage Order further states "every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period."

Labor Code section 201 states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours

California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 16, 2019
Page 6

thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to his or her, or who refuses to receive the payment when fully tendered to his or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

Labor Code section 256 states: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 day's pay as waiting time under the terms of Section 203."

Here, FXG failed to timely pay Claimant and other aggrieved employees all wages due and owing during and upon termination of employment, which includes reporting time wages for cancellation of scheduled shifts. FXG willfully failed to pay all wages when required by Sections 201-204 of the Labor Code. Therefore, FXG is liable for civil penalties to all affected employees, including Claimant. Claimant will pursue all non-cumulative civil penalties for FXG's failure to timely pay all separated or discharged employees all wages due wages in addition to recovery of attorney's fees and costs permitted by California law either via Labor Code section 2699(g) or California Code of Civil Procedure section 1021.5.

## CIVIL PENALTIES FOR VIOLATION OF
## THE LABOR CODE AND IWC WAGE ORDERS
(Labor Code §§ 558, 558.1, and 1197.1)

Labor Code section 558 subjects any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order to a civil penalty in the amount of $50 for any initial violation for each pay period in which an employee is underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

Labor Code section 558.1(a) states: "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."

Labor Code section 1197.1 states that any employer or other person acting either individually or as an officer, agent or employee of another person, which pays or causes to be

California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 16, 2019
Page 7

paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty and restitution of wages payable to the employee in an amount of $100 for the initial violation for each pay period in which an employee underpaid in addition to an amount sufficient to recover underpaid wages, and $250 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

As set forth above, FXG maintained a uniform policy of not providing "reporting time pay" for Claimant and other aggrieved employees for scheduled work shifts. As a result, FXG is liable for civil penalties under Labor Code section 558. Claimant will pursue civil penalty or other lawful remedies for herself and other current and former employees, including recovery of attorney's fees, costs, and civil penalties to the extent allowed by law. However, pursuant to the recent California Supreme Court decision in *ZB, N.A. v. Superior Court* (2019) 8 Cal. 5th 175, 252 Cal. Rptr. 3d 228, 448 P.3d 239, Claimant does not seek underpaid wages as part of any anticipated PAGA action.

## DUTIES OF AN EMPLOYER
(Labor Code §§ 1174, 1174.5, 1175, 2810.5, and 1198, and the Applicable Wage Order)

Labor Code section 1174 describes certain duties of every employer in this state. Subsection (d) of this labor code section requires that payroll records show the hours worked daily by employees and the corresponding wages to be paid for the hours worked. Here FXG violated this requirement by its failure to accurately record employee hours worked and/or paid including wages owed for reporting time pay. Labor Code section 1174.5 imposes a civil penalty of $500 for FXG's failure to maintain accurate and complete records. This civil penalty is addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d). Furthermore, Claimant and all other aggrieved current and former employees are entitled to collect 25% of the penalty imposed pursuant to Section 2699.

Claimant will pursue all civil penalties permitted by law or default civil penalties for each pay period as indicated under Labor Code section 2699(f)(2) and on behalf of other current and former aggrieved employees, including recovery of attorney's fees, costs, and civil penalties to the extent allowed by law.

## CONCLUSION

Claimant requests the Labor and Workforce Development Agency ("LWDA") initiate enforcement for the violations described above. If the LWDA does not pursue enforcement, Claimants will pursue claims all civil penalties that would otherwise be available to the Labor Commissioner in an enforcement action and will seek all remedies available for violations of the Labor Code and the applicable Industrial Welfare Commission Wage Orders, including all available default civil penalties set forth in Labor Code section 2699(f)(2) or as otherwise set forth in specific provisions of the California Labor Code.

California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 16, 2019
Page 8

COHELAN KHOURY & SINGER
DAVTYAN PROFESSION LAW CORPORATION


J. Jason Hill, Esq.


cc: (Via Email Only)

Emil Davtyan, Esq.
DAVTYAN LAW FIRM, INC.
880 E. Broadway
Glendale, CA 91205
emil@davtyanlaw.com

# EXHIBIT 2

# COHELAN KHOURY & SINGER

A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
JSAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC ●

(*Also admitted in the District of Columbia)
(●Also admitted in Colorado)

ATTORNEYS AT LAW

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
www.ckslaw.com

JEFF GERACI
J. JASON HILL†
MARTA MANUS
KRISTINA DE LA ROSA

(† Also admitted in Illinois)

December 19, 2019

## *AMENDED* NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE SECTION 2699.3

### NOTICE VIA ONLINE SUBMISSION
California Labor and Workforce Development Agency

### VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT

FedEx Ground Package System, Inc.
Attn: Legal Department
1000 FedEx Drive
Moon Township, PA 15108

FedEx Ground Package System, Inc.
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Re:    *Amended* Notice pursuant to California Labor Code sections 2698, *et seq.*, the Private Attorneys General Act ("PAGA"), sent by NORA PEREA and all other aggrieved employees of FedEx Ground Package System, Inc. ("FXG") in the State of California, as an individual and as a proposed Representative of the State of California
(LWDA Case No. LWDA-CM-762186-19)

Dear PAGA Administrator and FedEx Ground Package System, Inc.:

Pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code sections 2698, *et seq.*, Nora Perea ("Claimant") intends to bring an action against FedEx Ground Package System, Inc. ("Employer" or "FXG"), individually and on behalf of all other aggrieved employees for alleged violations of Labor Code sections 201, 202, 203, 204, 218, 223, 226, 233, 256, 558, 1197.1, 1194, 1198 and 1199(c). This letter serves as Claimant's *amended* written notice pursuant to Labor Code section 2699.3(a)(A)(1) providing the Labor and Workforce Development Agency (hereafter "LWDA") the opportunity to investigate the alleged claims contained herein. The initial notice was sent on December 16, 2019.

If the LWDA does not intend to investigate the alleged violations, Claimant intends to file a representative civil action for PAGA penalties individually and as a representative on behalf of all other aggrieved employees of FXG, and shall seek penalties under the PAGA individually and on behalf of all other aggrieved employees in the State of California. A copy of this notice is being sent to FXG by certified mail at the addresses above.

## FACTUAL STATEMENT

NORA PEREA is a resident of the State of California who was formerly employed by FXG in San Diego County as a non-exempt, hourly-paid warehouse package sorter and handler.

Amended Notice to the California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 19, 2019
Page 2

She was employed until approximately February 27, 2019 with her last pay provided on or about March 1, 2019, when FXG terminated her employment. Her employee ID was 2171444. Perea worked at the employer's warehouse terminals located in Miramar and Otay Mesa in San Diego, California. Claimant alleges that during her employment, FXG failed to comply with the California Labor Code and section 5 of the applicable IWC Wage Order 9-2001, as detailed below, which resulted in liability for civil penalties under applicable regulations and provisions of the California Labor Code. While the California Secretary of State lists the employing entity's address as "1000 FedEx Drive, Moon Township, PA 15108," Claimant and other aggrieved employees were provided wage statements showing an inaccurate address for the employer of "30 FedEx Pkway, 2nd Fl Horiz, Collierville, TN 38017."

During the proposed PAGA period (one year prior to the date of this Notice), Claimant was designated as a part-time hourly non-exempt employee for shifts of approximately 3.5 to 4.0 hours and scheduled to work 5 days per week as a package sorter and handler. Despite showing up for scheduled shifts, reporting, going through security, and then clocking into work, Claimant estimates that roughly 2-3 days per week she and others would be sent home without receiving reporting time wages of at least one-half their scheduled shift time but no less than two hours and no more than four hours, as otherwise required by applicable IWC Wage Order(s). She and other co-workers would see other trucks arriving at the terminal as they were leaving but they were only paid their clocked time (if they were allowed to clock in) and not wages for at least 2 hours of the expected work shift at the requisite rate of pay as required by California law. Claimant is informed and believes that FXG's failure to timely honor and pay "reporting time" wages was systematic and uniform throughout the state of California, and resulted in considerable harm when sent home since Claimant and similar aggrieved employees had relied upon FXG's scheduled shifts and had to forego other work opportunities. Thus, Claimant and other aggrieved employees were not only were not paid required wages for reporting to work, but the working conditions left them without options to engage in other compensable work when FXG sent them home at the start of a scheduled shift, thus undermining both the payment of wages and undermining standard working conditions required by the Industrial Welfare Commission ("IWC") regulations.

For reasons set forth herein, Claimant alleges the following violations of the California Labor Code and the applicable IWC Wage Order individually and on behalf of all other aggrieved employees of FXG in the State of California. Claimant alleges that the Employer:

1. Failed to pay Claimant and other aggrieved employees all wages due, including reporting time pay;
2. Failed to provide accurate itemized wage statements; and
3. Failed to timely pay all wages upon separation of employment.

Accordingly, Claimant now seeks civil penalties individually and on behalf of other aggrieved employees based on FXG's alleged violations of the California Labor Code and applicable IWC Wage Order, including civil penalties pursuant to Labor Code section 558(a), *excluding underpaid wages per ZB, N.A. v. Superior Court* (2019) 8 Cal. 5th 175, 252 Cal. Rptr. 3d 228, 448 P.3d 239.

Amended Notice to the California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 19, 2019
Page 3

## FAILURE TO PAY REPORTING TIME PAY
(Violation of Labor Code §§ 558, 1194, 1198, 1199(c), 2698 and the "Reporting Time Pay"
Section of the applicable IWC Wage)

Section 5(A) of the applicable IWC Wage Order states: "Each workday an employee is required to report to work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

Labor Code section 1173 provides in pertinent part: "It is the continuing duty of the Industrial Welfare Commission, hereinafter referred to in this chapter as the commission, to ascertain the wages paid to all employees in this state, to ascertain the hours and conditions of labor and employment in the various occupations, trades, and industries in which employees are employed in this state, and to investigate the health, safety, and welfare of those employees…."

Labor Code section 1198 provides: "The maximum hours of work and the standard *conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.* The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." [emphasis added.]

Labor Code section 1199, which is a statute listed for which PAGA default civil penalties are recoverable pursuant to Labor Code section 2699.5 and 2699(f)((2), provides that: "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following:

  (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission.

  (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.

  (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission."

Labor Code section 204(a) provide: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries

Amended Notice to the California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 19, 2019
Page 4

of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time."

Labor Code section 218 provides in pertinent part: "Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article.

Claimant alleges that FXG regularly scheduled its non-exempt employees for loading and unloading vehicles at FedEx terminals and required employees such as Claimant to report each day for work, to only then be told there was insufficient work and they were being sent home. If they were clocked in, Claimant and other aggrieved employees would be told to clock out and leave, despite having arrived at the workplace ready, willing, and able to work as scheduled. Claimant and other aggrieved employees were subject to discipline if they failed to report for a shift, but were not provided "reporting time" wages as required by Section 5 of the IWC Wage Order. Claimant alleges that this policy resulted in not just a direct violation of the applicable Wage Order, but is also in violation of various provisions of the California Labor Code because Claimant and other such aggrieved employees were not paid reporting time wages. These scheduled but otherwise canceled shifts burdened employees by limiting their ability to engage in other activities but also resulted in the failure to receive minimum compensation as required by the IWC. Employees such as Claimant were often not paid any wages, including regular and/or minimum wages, for reporting to a shift, and were never paid the requisite minimum reporting time pay premium when a shift was canceled as required under California law. Claimant intends to pursue remedies pursuant to the PAGA for the alleged violation on behalf of herself and all other aggrieved employees in the state of California.

Claimant alleges that she and other aggrieved employees were sent home after clocking in and being ready to work their full shift without being provided at least half the scheduled day's work in their scheduled shift (in addition to alleging not being paid for half their day's scheduled hours of at least two but not more than four hours). This violated section 5 of the IWC Wage Order and constitutes a violation of Labor Code section 1199(c).

The California Legislature expressly delegated to the Industrial Welfare Commission the authority to promulgate wage orders setting minimum wages, and standard working conditions for all employees. *Ramirez v. Yosemite Water Co.* (1999) 20 Cal.4th 785, 799-800. Here, the IWC promulgated the requirement for reporting time pay under Section 5 of the applicable Wage Order (Wage Order 9 for transportation industry, i.e., FedEx). This is a requirement for working conditions and payment of wages for at least two hours when a worker arrives for a scheduled shift and then is sent home due to insufficient work volume.

Amended Notice to the California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 19, 2019
Page 5

  Thus, not only does FXG's policy and practice violate the Wage Order on reporting time pay (and thus subject the FXG to civil penalties pursuant to Labor Code 558(a)), but it violates Labor Code sections 203, 204(a), 218, 226, 1198, and 1199 where default civil penalties may be pursued under the PAGA. Labor Code § 2699(f)(2). Labor Code sections 203, 204, 226, 1198, and 1199 are all statutes that are specifically listed in Labor Code section 2699.5 as a basis for a representative to claim civil penalties.

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(Labor Code §§ 226(a), 226.3, 1198, 1199, 2699, and the "Records" Section of the applicable IWC Wage Order)

  Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or him social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

  Furthermore, Labor Code section 226(e)(2)(A) states: "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement."

  Labor Code section 226.3 imposes an additional civil penalty on the employers of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000.00 per employee for each violation in a subsequent citation.

  In addition, Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Claimant and other aggrieved employee are entitled to an award of costs and reasonable attorney's fees.

  Here, FXG failed to provide Claimant and other aggrieved employees with accurate itemized wage statements complying with the requirements of the Labor Code and applicable IWC Wage Order. Claimant and other aggrieved employees did not receive wage statements which included all wages due for reporting time pay, and all deductions and all rates paid. Further, as stated above, wage statements did not present accurate information as to the employer's address, in that FXG is authorized to do business in California based on an address listed by the California Secretary of State as "1000 FedEx Drive, Moon Township, PA 15108"

Amended Notice to the California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 19, 2019
Page 6

but wage statements provided to Claimant and other employees *included an inaccurate business address* located at "30 FedEx Pkwy, 2n Fl Horiz, Collierville, TN 38017." This is presumed injury and confuses the employees as to the true nature, address, and location of their employing entity in violation of Labor Code section 226(a)(8). Claimant will pursue all remedies, including recovery of wages, interest, attorneys' fees and costs, penalties and those provided by the PAGA, to the extent allowed by law, individually and on behalf of other aggrieved employees of FXG in the State of California.

### FAILURE TO TIMELY PAY WAGES DUE DURING AND UPON TERMINATION OF EMPLOYMENT
(Labor Code §§ 201, 202, 203, 204, 256, 1198, and 2699)

Labor Code section 204(a) states, in pertinent part: "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." The "Minimum Wages" Section of the applicable Wage Order further states "every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period."

Labor Code section 201 states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to his or her, or who refuses to receive the payment when fully tendered to his or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

Labor Code section 256 states: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 day's pay as waiting time under the terms of Section 203."

Here, FXG failed to timely pay Claimant and other aggrieved employees all wages due and owing during and upon termination of employment, which includes reporting time wages for cancellation of scheduled shifts. FXG willfully failed to pay all wages when required by Sections 201-204 of the Labor Code. Therefore, FXG is liable for civil penalties to all affected employees, including Claimant. Claimant will pursue all non-cumulative civil penalties for FXG's failure to timely pay all separated or discharged employees all wages due wages in addition to recovery of

Amended Notice to the California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 19, 2019
Page 7

attorney's fees and costs permitted by California law either via Labor Code section 2699(g) or California Code of Civil Procedure section 1021.5.

## CIVIL PENALTIES FOR VIOLATION OF
## THE LABOR CODE AND IWC WAGE ORDERS
(Labor Code §§ 558, 558.1, and 1197.1)

Labor Code section 558 subjects any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order to a civil penalty in the amount of $50 for any initial violation for each pay period in which an employee is underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

Labor Code section 558.1(a) states: "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."

Labor Code section 1197.1 states that any employer or other person acting either individually or as an officer, agent or employee of another person, which pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty and restitution of wages payable to the employee in an amount of $100 for the initial violation for each pay period in which an employee underpaid in addition to an amount sufficient to recover underpaid wages, and $250 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

As set forth above, FXG maintained a uniform policy of not providing "reporting time pay" for Claimant and other aggrieved employees for scheduled work shifts. As a result, FXG is liable for civil penalties under Labor Code section 558. Claimant will pursue civil penalty or other lawful remedies for herself and other current and former employees, including recovery of attorney's fees, costs, and civil penalties to the extent allowed by law.  However, pursuant to the recent California Supreme Court decision in *ZB, N.A. v. Superior Court* (2019) 8 Cal. 5th 175, 252 Cal. Rptr. 3d 228, 448 P.3d 239, Claimant does not seek underpaid wages as part of any anticipated PAGA action.

## DUTIES OF AN EMPLOYER
(Labor Code §§ 1174, 1174.5, 1175, 2810.5, 1198 and 1199 and the Applicable Wage Order)

Labor Code section 1174 describes certain duties of every employer in this state. Subsection (d) of this labor code section requires that payroll records show the hours worked daily by employees and the corresponding wages to be paid for the hours worked. Here FXG

Amended Notice to the California Labor & Workforce Development Agency
FedEx Ground Package System, Inc
December 19, 2019
Page 8

violated this requirement by its failure to accurately record employee hours worked and/or paid including wages owed for reporting time pay. Labor Code section 1174.5 imposes a civil penalty of $500 for FXG's failure to maintain accurate and complete records. This civil penalty is addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d). Furthermore, Claimant and all other aggrieved current and former employees are entitled to collect 25% of the penalty imposed pursuant to Section 2699.

Claimant will pursue all civil penalties permitted by law or default civil penalties for each pay period as indicated under Labor Code section 2699(f)(2) and on behalf of other current and former aggrieved employees, including recovery of attorney's fees, costs, and civil penalties to the extent allowed by law.

## CONCLUSION

Claimant requests the Labor and Workforce Development Agency ("LWDA") initiate enforcement for the violations described above. If the LWDA does not pursue enforcement, Claimants will pursue claims all civil penalties that would otherwise be available to the Labor Commissioner in an enforcement action and will seek all remedies available for violations of the Labor Code and the applicable Industrial Welfare Commission Wage Orders, including all available default civil penalties set forth in Labor Code section 2699(f)(2) or as otherwise set forth in specific provisions of the California Labor Code.

COHELAN KHOURY & SINGER
DAVTYAN LAW FIRM, INC.

J. Jason Hill, Esq.

cc: (Via Email Only)
Emil Davtyan, Esq.
DAVTYAN LAW FIRM, INC.
880 E. Broadway
Glendale, CA 91205
emil@davtyanlaw.com

# PROOF OF SERVICE

*Perea v. FedEx Ground Package System, Inc.*

**U.S.D.C. Case No. 3:20-CV-00610-DMS-AHG**

I, Matthew Atlas, declare as follows:

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action. My business address is 605 "C" Street, Suite 200, San Diego, California 92101. On August 7, 2020, I instituted service of the foregoing document(s) described as:

**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

on the following parties:

**Counsel for Defendant**
Evan R. Moses, Esq.
Alexander M. Chemers, Esq.
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
evan.moses@ogletree.com
alexander.chemers@ogletree.com

in the following manner:

Submitting an electronic version of the document(s) via portable document format (PDF) to the court at https://ecf.casd.uscourts.gov.

Service will be deemed effective as provided for by General Order 550 of the District Court of California, Southern District.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service is made.

Executed August 7, 2020, at San Diego, California.

Matthew Atlas